990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY, an Illinois Corporation,
Plaintiff-Appellee/Cross-Appellant,
v.
Julio PINEDA, Alejandra Pineda, Vilma Alicia Romero De
Castellanos, Jose Mauricio Campos, Vilma Lorena Romero,
Salvador Henriquez, Henriqueta Henriquez, Teresa Menendez,
and Gloria Hernandez, Defendants-Appellants/Cross-Appellees.
 Nos. 91-16655, 91-16660.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided March 25, 1993.
 
 1
 Before: FLETCHER, REINHARDT and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellants, tenants and landlords of a San Francisco apartment building, appeal the district court's grant of summary judgment for Allstate Insurance Company. In its order, the district court ruled that an Allstate Homeowner's insurance policy did not cover a wrongful eviction judgment obtained by the tenants against their landlords. We affirm the judgment of the district court.
 
 
 4
 Allstate cross-appeals the district court's rejection of certain redundant grounds proffered for summary judgment. We decline Allstate's invitation to review these questions because we need not do so in order to dispose of this appeal.
 
 
 5
 * The issue in this appeal is whether Allstate Insurance is obliged to indemnify the owners of 1090 Hampshire Street for a wrongful eviction judgment obtained against them in Superior Court.
 
 
 6
 The facts surrounding the underlying wrongful eviction action are fairly simple. In October of 1987, Vilma Romero, Jose Campos, and Vilma Castellanos (the "landlords") bought the property at 1090 Hampshire Street in San Francisco. Tenants Teresa Menendez and Gloria Hernandez were then living in Apartment One at 1090 Hampshire, and Salvador and Henriqueta Henriquez were living in Apartment Two. The change of ownership did not disturb the tenants until December of 1987.
 
 
 7
 In December of 1987, and again in February of 1988, the new landlords delivered notices of eviction to the tenants in both apartments. The tenants did not move out. Landlord Vilma Romero then filed an action for unlawful detainer in the Municipal Court, but the jury returned a verdict for the tenants.
 
 
 8
 In January of 1989, the tenants filed a wrongful eviction action in Superior Court. The tenants moved for and were awarded Summary Adjudication that the attempted eviction was "wrongful" under the San Francisco rent control ordinance. The parties then settled the matter of damages as follows: (1) judgment for the tenants in the amount of $75,000; (2) payment from the landlords in the amount of $500; (3) an agreement by the plaintiffs not to execute the judgment against the landlords personally, but reserving the right to execute it against Allstate--the landlords' insurer; and (4) an agreement to repay the landlords the $500 out of any recovery received from Allstate.
 
 
 9
 Allstate promptly sued for a declaratory judgment of no coverage in federal district court. The district court granted summary judgment for Allstate. This appeal and cross-appeal followed.
 
 II
 
 10
 The tenants assert that the district court erred in granting summary judgment for Allstate because a triable issue exists as to whether the landlords were issued a "Homeowner's" or a "Landlord's" insurance policy. We disagree.
 
 
 11
 Allstate presented an affidavit from one of its recordkeepers to the effect that the landlords held a Homeowner's policy, and attached the policy documents and the declarations pages showing that the policy issued on 1090 Hampshire St. was a Homeowner's policy. In response, the tenants presented only an Allstate "Evidence of Insurance" form sent to the landlords' mortgagee in which a box labeled "Landlord's Policy" is checked off. Allstate attaches to its recordkeeper's affidavit a letter acknowledging that this form was sent to the landlords' mortgagee on the basis of an application for a Landlord's policy, but asserting that no such policy was ever issued because the property was later found ineligible for Landlord's insurance.[1] No objection was made below or on appeal regarding the admissibility of the material submitted by Allstate.
 
 
 12
 The "Evidence of Insurance" form sent to the landlord's mortgagee would not by itself support a verdict that a Landlord's policy was ever issued on the property. Evidence that the mortgagee may have received word that a Landlord's policy had been issued does not controvert Allstate's affidavit that no such policy was ever agreed to by either the landlords or Allstate. While evidence that the landlords relied upon the "Evidence of Insurance" form might create a triable issue of fact, no such evidence has been presented. Accordingly, we find no error in the district court's conclusion that no material issue of fact existed regarding the issuance of a Landlord's as opposed to a Homeowner's insurance policy.[2]
 
 III
 
 13
 We now turn to the district court's conclusion that, as a matter of law, the tenants' judgment against the landlords for wrongful eviction is not covered by the Homeowner's Policy. We may affirm the district court's grant of summary judgment on any ground fairly presented by the record. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992), cert. denied, No. 92-1101, 1993 U.S. Lexis 1234 (U.S. Feb. 22, 1993). We affirm on the ground that the losses suffered as a result of the attempted eviction are not covered by the Allstate policy because they were not "accidental."
 
 
 14
 The Allstate policy covers "sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." We have construed the term "accidental" to distinguish losses attributable to fortuitous or chance events from losses attributable to intentional conduct. See Chamberlain v. Allstate, 931 F.2d 1361, 1364 (9th Cir.1991); Lipson v. Jordache Enters., Inc., 11 Cal.Rptr.2d 271, 276 (Cal.App.1992), review denied, No. S029034, 1992 Cal. LEXIS 5535 (Cal. Nov. 12, 1992).
 
 
 15
 The loss at issue in this case emanates from intentional conduct: the landlords' attempt to evict the tenants. The tenants were not unintentionally served with eviction notices. The losses suffered by the tenants therefore cannot be "accidental"--one cannot unintentionally attempt to evict a tenant when one purposefully acts to remove that person from his or her apartment. Cf. Lipson, 11 Cal.Rptr.2d at 276 ("An employment termination, even if due to mistake, cannot be unintentional."). Moreover, there is no allegation that the attempted eviction in this case was in fact unintentional.[3]
 
 
 16
 We therefore AFFIRM the district court's conclusion that the Allstate policy does not cover the losses suffered as a result of the attempted eviction on the ground that those losses were not the result of an accident. We need not and do not reach the alternative grounds proffered by Allstate for affirming the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See CR 23 Exhibit 4
 
 
 [2]
 Further, the tenants do not assert that it matters whether the landlords were issued a Homeowner's or a Landlord's policy. The tenants do not claim that they would be entitled to recover under a Landlord's policy, nor even that a Landlord's policy provides more expansive coverage than a Homeowner's policy
 
 
 [3]
 The inquiry into whether a loss was accidental or intentional does not turn on whether the landlords knew that their conduct was wrongful. Intentional conduct which inflicts a loss may be an unintentional violation of the law, but it does not follow that the loss is therefore accidental. See Chamberlain, 931 F.2d at 1365; Lipson, 11 Cal.Rptr.2d at 276